UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LLOYD RICHARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2513** |
| **BURL CAIN, WARDEN** | **SECTION: "B"(1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Lloyd Richard, is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. On April 21, 2010, he was convicted of attempted second degree murder and aggravated burglary under Louisiana law.[1] On September 20, 2010, he was sentenced to a term of fifty years imprisonment on the attempted second degree murder conviction and to a term of thirty years imprisonment on the aggravated burglary conviction. It was ordered that the sentences be served consecutively and without benefit of parole, probation, or suspension

---

[1] State Rec., Vol. 2 of 4, trial transcript, p. 150; State Rec., Vol. 1 of 4, minute entry dated April 21, 2010.

of sentence.[2]  On April 24, 2013, the Louisiana Fifth Circuit Court of Appeal affirmed his convictions, affirmed his sentence on the attempted second degree murder conviction, amended his sentence on the aggravated burglary conviction to delete the restriction on benefits, and affirmed that sentence as amended.[3]  The Louisiana Supreme Court then denied his related writ application on December 2, 2013.[4]

On October 30, 2014, petitioner filed the instant federal application for *habeas corpus* relief.[5]  The state filed a response arguing that the application should be dismissed because petitioner failed to exhaust his remedies in the state courts.[6]  Petitioner filed two replies to that response.[7]

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotation marks omitted).  The United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.  Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution.  Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

---

[2] State Rec., Vol. 2 of 4, transcript of September 20, 2010, p. 4; State Rec., Vol. 1 of 4, minute entry dated September 20, 2010; State Rec., Vol. 1 of 4, Reasons for Sentence.
[3] State v. Richard, 115 So.3d 86 (La. App. 5th Cir. 2013); State Rec., Vol. 3 of 4.
[4] State v. Richard, 126 So.3d 497 (La. 2013).
[5] Rec. Doc. 1; see also Rec. Docs. 4, 6, 19 and 23.
[6] Rec. Docs. 12 and 13.
[7] Rec. Docs. 17 and 18.

Rose v. Lundy, 455 U.S. 509, 518 (1982) (citations, footnote, quotation marks, and brackets omitted).

Therefore, for the federal exhaustion requirement to be met, "a petitioner must have fairly presented the substance of his claim[s] to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in the federal petition were previously presented to the state's *highest court* in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988). Accordingly, to determine whether the claims petitioner presents in his federal application are exhausted, this Court must compare those claims to the ones he has presented to the Louisiana Supreme Court.

In the instant case, determining what claims petitioner is asserting in his federal application is no simple task, because the application is rambling and at times incomprehensible. That said, petitioner has enumerated seven "arguments," many of which are repetitive and overlapping. Those seven "arguments," and the claims incorporated therein, appear to be as follows:

1. Petitioner received ineffective assistance of counsel on appeal; and his appellate counsel conspired with the state to violate his rights;

2. The bill of information was deficient, in that it failed to adequately specify the offense for which petitioner was being charged; and there was insufficient evidence to support his conviction;

3. Evidence was suppressed in violation of Brady v. Maryland, 373 U.S. 83 (1963), and its progeny; petitioner received ineffective assistance of counsel at trial; and he was deprived of his right to an impartial jury;

4. - 7. The state courts engaged in various acts of fraud; petitioner was subjected to Double Jeopardy; there was insufficient evidence to support his conviction; evidence was suppressed in violation of Brady; and petitioner was subjected to an illegal search and seizure.

It is obvious that the vast majority of the foregoing claims are unexhausted because they have never been presented to the Louisiana Supreme Court for review. On the contrary, petitioner filed a single writ application with the Louisiana Supreme Court challenging his convictions and sentences. In that sole writ application, which was filed in Case No. 2013-K-1220,[8] he asserted only two claims: (1) his rights under the Double Jeopardy Clause were violated; and (2) the order that his sentences be served consecutively resulted in an excessive sentence.[9] Therefore, to the extent that he is now reasserting the Double Jeopardy claim in this federal proceeding, that claim appears to be exhausted.[10] However, because he has never given the Louisiana Supreme Court an opportunity to consider the numerous other claims asserted in his federal application, all claims *except* the Double Jeopardy claim are clearly unexhausted.

Accordingly, petitioner's federal application should be dismissed as a "mixed" petition. Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998) ("A habeas petition containing both

---

[8] A copy of that writ application can be found at Rec. Doc. 4-1, pp. 1-13.
[9] Rec. Doc. 4-1, p. 2.
[10] Petitioner does not appear to be reasserting the excessive-sentence claim in this federal proceeding.

exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice.").

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for *habeas corpus* relief filed by Lloyd Richard be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[11]

New Orleans, Louisiana, this nineteenth day of January, 2016.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.