UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LLOYD RICHARD                          CIVIL ACTION

VERSUS                                 NO. 14-2513

N. BURL CAIN, WARDEN                   SECTION "B"(1)
                                       *Flag Section "C"*

ORDER AND REASONS

This matter was initially referred to Magistrate Judge Sally
Shushan to conduct an evidentiary hearing if necessary and submit
proposed findings of fact and recommendation. On January 19, 2016,
Magistrate Judge Shushan issued a Report and Recommendation that
petitioner Lloyd Richard's federal application for *habeas corpus*
relief be dismissed without prejudice for failure to exhaust his
remedies in state court. Rec. Doc. 24. Petitioner timely filed an
objection to the Report and Recommendation on January 29, 2016.
Rec. Doc. 25. **For the following reasons, the Court approves
and adopts the Report and Recommendations as its own, overrules
the petitioner's objections and dismisses petitioner's § 2254
claims without prejudice.**

I.   FACTUAL BACKGROUND

Petitioner, Lloyd Richard, is an inmate at the Louisiana State
Penitentiary in Angola, Louisiana. Rec. Doc. 13 at 1. In 2008,
petitioner entered a neighbor's home and attempted to stab her.
*Id.* at 1. After receiving a complaint from the neighbor identifying
petitioner as the assailant, a detective from the St. James Parish

Sherriff's office was dispatched to petitioner's residence. *Id.* The detective located petitioner at the residence, arrested him, and conducted a search incident to arrest during which he noticed what appeared to be crack cocaine and drug paraphernalia in plain view; he immediately terminated his search and obtained a warrant. *Id.* at 2. After obtaining a warrant the detective returned to search petitioner's residence and found crack pipes, drug paraphernalia, and a knife and clothing matching the description provided by the neighbor. *Id.* Petitioner was subsequently arrested and charged with aggravated burglary, attempted second degree murder, and possession of drug paraphernalia. *Id.* at 3. He pled not guilty to all counts. *Id.*

### II.  PROCEDURAL BACKGROUND

Petitioner's jury trial occurred on April 20 and 21, 2010, in the 23rd Judicial District Court of Louisiana, Parish of St. James. State Rec., Vol. 2 of 4 p. 1 of trial transcript. The jury convicted petitioner of attempted second degree murder and aggravated burglary. State Rec., Vol. 2 of 4 p. 150; Rec. Doc. 13 at 7. The court sentenced him to fifty years imprisonment for the attempted second degree murder conviction and thirty years for the aggravated burglary conviction, to be served consecutively and without benefit of parole, probation, or suspension of sentence. Rec. Doc. 13 at 7.

On appeal, petitioner listed three assignments of error: (1)the state violated his right against double jeopardy by using the same evidence to support both convictions; (2) the trial court erred in imposing his aggravated battery sentence without benefit of parole; and (3) the trial court erred in imposing consecutive sentences. *State v. Richard*, 115 So.3d 86 (La. App. 5th Cir. 2013). Interestingly, the state admitted in its brief that it "adduced no evidence of any other felony . . . other than attempted murder" and therefore "failed to adduce sufficient evidence to convict the defendant of the [separate offense] of aggravated burglary." *Id.* at 97 (Murphy, J., dissenting). Despite the state's concession, the state appellate court addressed the issue and found it without merit, concluding that the evidence used to prove petitioner's attempted murder conviction was not required to prove the aggravated burglary element because a reasonable jury could have found that petitioner entered the victim's home to commit a felony other than murder, and therefore no violation of double jeopardy occurred. *Id.* at 92-94 (majority opinion). On April 24, 2013, the Louisiana Fifth Circuit Court of Appeal amended petitioner's sentence on the aggravated burglary conviction to delete the restriction on benefits and otherwise affirmed his convictions. *Id.* at 96.

Petitioner filed an application for writ of certiorari to the Supreme Court of Louisiana on May 24, 2013, arguing (1) the

prosecution and conviction for both attempted second degree murder and aggravated burglary violated the prohibition against double jeopardy; and (2) the trial court abused its discretion by ordering his sentences be served consecutively. State Rec. Vol. 4 of 4. The Supreme Court of Louisiana denied the writ on December 2, 2013. *State v. Richard*, 126 So.3d 497 (La. 2013).

Petitioner thereafter filed the instant federal application for *habeas corpus* relief *pro se* on October 30, 2014. Rec. Doc. 1 at 1. Petitioner asserts seven main arguments for relief:

(1) ineffective assistance of appellate counsel;

(2) the bill of information was deficient for failure to specify factual basis for which petitioner was charged;

(3) suppression of evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963);

(4) double jeopardy;

(5) excessive sentence;

(6) fraudulent suppression of evidence; and

(7) fraudulent denial of writ of certiorari by the Louisiana Supreme Court. Rec. Doc. 4 at 12-32.

At various points in his memorandum petitioner also seems to claim he was deprived of his right to an impartial jury, subject to illegal search and seizure, and a victim of numerous instances of fraud on the part of the state courts. Rec. Doc. 4 at 12-32.

In response, the state argues petitioner's application is procedurally barred for failure to exhaust his remedies in the state courts. Rec. Doc. 13. at 9. Petitioner filed a subsequent reply on February 12, 2015. *See* Rec. Doc. 17. In addition to

4

reasserting his claims of double jeopardy and ineffective assistance of counsel, petitioner objects that the response to his habeas petition was not filed correctly and was untimely. Rec. Doc. 17 at 1. Petitioner further asserts numerous instances of disputed fact at the trial level existed such that the state failed to meet its burden of proof beyond a reasonable doubt and the jury's verdict was erroneous. *Id.* at 2-5. Petitioner also argues that the state's reply brief was insufficient because it failed to address many of petitioner's arguments. *Id.* at 6. Petitioner concludes that his conviction should be reversed with prejudice. *Id.* at 9. On June 30, 2015, petitioner filed a motion to supplement the pleadings which addresses the insufficiency of the evidence of his possession of a knife, which according to petitioner would undermined his aggravated battery conviction. Rec. Doc. 19.

### III. REPORT AND RECOMMENDATION

Magistrate Judge Shushan entered a Report and Recommendation on January 19, 2016. The Report concludes the vast majority of petitioner's claims were never presented to the Supreme Court of Louisiana for review and are therefore unexhausted. Rec. Doc. 24 at 4. Petitioner's double jeopardy claim however was presented to the highest state court, and thus is the only exhausted claim. *Id.* Judge Shushan recommends that it be dismissed without prejudice as a "mixed" petition under *Alexander v. Johnson*, 163 F.3d 906 (5th Cir. 1998), since the application contains both exhausted and

unexhausted claims. *Id.* at 4–5 (citing *Alexander*, 163 F.3d at 908 ("A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice.")).

### IV. PETITIONER'S OBJECTION

Petitioner filed a timely objection to the Report and Recommendation January 29, 2016. Rec. Doc. 25. In the objection petitioner asserts:

(1) his conviction was obtained in violation of the Constitution;

(2) he was denied due process of law by the fraudulent act of Magistrate Judge Shushan entering the recommendation, not Judge Berrigan, to whom his case was originally assigned;

(3) he was denied a fair and impartial hearing as guaranteed by the Sixth Amendment and that the Recommendation violated due process of law and equal protection;

(4) double jeopardy;

(5) he pled his case to the Supreme Court of Louisiana and was wrongly denied certiorari;

(6) the jury erred in finding him guilty beyond a reasonable doubt of aggravated burglary;

(7) his double jeopardy claim is exhausted; and

(8) his insufficiency of the evidence claim is exhausted. *Id.* at 2–7.

### V. LAW AND ANALYSIS

Upon timely objection of a magistrate judge's findings and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.

§ 636(b)(1) (2012). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1) (2012).

Magistrate Judge Shusman's Report and Recommendation concludes that the petition should be dismissed without prejudice because it is a "mixed" petition that includes both exhausted and unexhausted claims. *See* Rec. Doc. 24 at 4-5. The exhaustion doctrine's principal purpose is to protect state courts' role in the enforcement of federal law and prevent disruption of state court proceedings. *Rose v. Lundy*, 455 U.S. 509, 518 (1982). "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted). A state remedy is exhausted when a prisoner has "fair[ly] presented his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented'

requirement." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

In *Rose v. Lundy*, the United States Supreme Court adopted a "total exhaustion" rule, whereby federal district courts must dismiss "mixed" federal habeas petitions that include both exhausted and unexhausted claims. 455 U.S. at 510. Once such mixed petition is dismissed the prisoner may either return to state court to exhaust his claims (by presenting them to the highest state court) or amend the federal habeas petition to present only exhausted claims to the district court. *Id.*

Petitioner's double jeopardy claim appears to be exhausted. Petitioner, while represented by counsel, presented the double jeopardy claim to both the state appellate court and the Supreme Court of Louisiana. The double jeopardy claim as presented here is substantially equivalent to the claim presented in the state courts. *See Whitehead*, 157 F.3d at 387.

All of petitioner's remaining claims are raised for the first time in his federal habeas petition. These claims have never been "fairly presented" in each appropriate state court, with most never being presented to the state's Supreme Court, meaning the federal habeas petition as a whole is a mixed petition and should be dismissed without prejudice. *See Rose*, 455 U.S. at 510 ("Because a rule requiring exhaustion of all claims furthers the purposes underlying the habeas statute, we hold that a district court must

8

dismiss such "mixed petitions," leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court.").

VI. CONCLUSION

Based on the foregoing,

**IT IS HEREBY ORDERED** that Petitioner Lloyd Richard's objections to the Report and Recommendations (Rec. Doc. 25) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Court hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

**IT IS FURTHER ORDERED** Lloyd Richard's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 12th day of April, 2016.

_____
UNITED STATES DISTRICT JUDGE